# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| G&T CONVEYOR COMPANY, INC., a foreign corporation,<br><br>                      Plaintiff,<br><br>v.<br><br>ELCON CORPORATION, a Washington corporation; PORT OF SEATTLE, a Washington municipal corporation,<br><br>                      Defendants. | C07-987Z<br><br>MINUTE ORDER |

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

    (1)    Plaintiff's Motion to Strike Ahlers's Declaration, docket no. 20, is GRANTED IN PART. Paragraph 5 and the last clause of Paragraph 10 (beginning with "in what I can only surmise" and ending with "arbitration demand") of the Declaration of John P. Ahlers, docket no. 7, is hereby STRICKEN. Plaintiff's motion to strike is otherwise DENIED.

    (2)    Plaintiff's Motion to Strike Declarations, docket no. 26, is GRANTED IN PART. The Declaration of Mark A. Redland, docket no. 23, and the Declaration of Peter S. Williams, docket no. 25, are hereby STRICKEN. Plaintiff's motion to strike is DENIED with respect to the Declaration of Bruce A. Cohen, docket no. 24.

    (3)    Defendant's Motion to Strike Portions of Berndt's Declaration, docket no. 22 (at 12 n.7), is DENIED.

    (4)    Defendant's Motion to Dismiss or Stay Pending Arbitration, docket no. 6, is DENIED IN PART. This action will proceed on the sole issue whether the amounts in dispute correspond to the exception in the Settlement Agreement and Release that is described as "CY #162 / GT #5411-0107." If the Court determines that Elcon's claims for

MINUTE ORDER   1–

delay, impact, and extended overhead costs associated with the C60 project were not released as part of the settlement between G&T Conveyor and Elcon, then the Court will order that such claims be resolved via arbitration pursuant to the original contract between those parties. *See* Exh. 1 to Ahlers Decl., docket no. 7-1 (AIA Document A401-1997 Standard Form of Agreement dated June 15, 2004); *see also* <u>RMF Nooter, Inc. v. Gleeson Constructors, LLC</u>, 2006 WL 3290126 (W.D. Mich.) ("Before compelling an unwilling party to arbitrate, the court must engage in a limited review to determine whether the dispute is arbitrable; meaning that a valid agreement to arbitrate exists between the parties and that the specific dispute falls within the substantive scope of that agreement." (quoting <u>Masco Corp. v. Zurich Am. Ins. Co.</u>, 382 F.3d 624, 627 (6th Cir. 2004))).

(5) Plaintiff's Motion for Partial Summary Judgment, docket no. 18, is DENIED. Genuine issues of material fact exist in this matter concerning whether Elcon's claims for impact and delay costs associated with the C60 project fall within the exception in the Settlement Agreement and Release that is described as "CY #162 / GT #5411-0107."

(6) Defendant's Motion Pursuant to Fed. R. Civ. P. 56(f), docket no. 28, and Defendant's Motion for Protective Order and to Quash Deposition, docket no. 38, are STRICKEN as moot.

(7) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Filed and entered this 4th day of September, 2007.

BRUCE RIFKIN, Clerk

By <u>          s/ Claudia Hawney          </u>
  Claudia Hawney
  Deputy Clerk

MINUTE ORDER   2–